IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIM. CASE NO. 2:21-cr-174-ECM |
| ) | |
| DEVARLOS QUANTREL SHANKLIN, *et al..* ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the court is Defendant Kelvin Jones' unopposed motion to continue trial (doc. 106); Defendant Eddie Nunley's unopposed motion to continue trial (doc. 107); and Defendant Robert Curtis Willis' motion for continuance (doc. 113). Jury selection and trial are presently set on the term of court commencing on October 18, 2021. For the reasons set forth below, the court will grant a continuance of the trial pursuant to 18 U.S.C. § 3161(h)(7).

While the trial judge enjoys great discretion when determining whether to grant a continuance, the court is limited by the requirements of the Speedy Trial Act. 18 U.S.C. § 3161; *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986). The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C. § 3161(c)(1).

The Act excludes, however, certain delays from the seventy-day period, including delays based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In determining whether to grant a continuance under § 3161(h)(7), the court "shall consider," among other factors, whether denial of a continuance would likely "result in a miscarriage of justice," or "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(i), (iv).

This is multi–defendant conspiracy case, there is voluminous discovery that includes numerous forensic reports, transcripts of interviews, and recovered data from computers and cellular telephones. Counsel for the Defendants represent that additional time to adequately review discovery and prepare for trial. In addition to the three defendants who filed motions to continue, there are five other defendants charged in this case. While the other defendants have represented that they intend to enter guilty pleas, "[t]here is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993). In the event the other defendants go to trial, a joint trial serves the interests of judicial administration and economy. Furthermore, the United States does not oppose a continuance. Accordingly, the Court concludes that the ends of justice served by continuing trial for all defendants of this trial outweigh the best interest of the public and the individual defendants in a speedy trial.

Thus, for good cause, it is

ORDERED that the motions to continue (docs. 106, 107 and 113) are GRANTED, and jury selection and trial are CONTINUED from October 18, 2021 to the criminal term of court set to commence on February 7, 2022 at 10:00 a.m. in Montgomery, Alabama. All deadlines tied to the trial date are adjusted accordingly.

The United States Magistrate Judge shall conduct a pretrial conference prior to the February trial term.

Done this 24th day of September, 2021.

                         /s/Emily C. Marks
                         EMILY C. MARKS
                         CHIEF UNITED STATES DISTRICT JUDGE